IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOICE INTEGRATION TECHNOLOGIES, LLC, | § § § | Civil Case No. _____ |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| TECHNICOLOR USA, INC. and TECHNICOLOR SA, | § § § § | |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Voice Integration Technologies, LLC, by way of its Complaint for Patent Infringement ("Complaint") against Defendants Technicolor USA, Inc. and Technicolor SA alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Voice Integration Technologies, LLC ("VIT") is a Delaware limited liability company with a place of business at 1220 N. Market Street, Suite 806, Wilmington, Delaware 19801.

3. Upon information and belief, Defendant Technicolor USA, Inc. ("Technicolor USA") is a corporation organized under the laws of Delaware with its principal place of business at 10330 North Meridian Street, Indianapolis, Indiana 46290.

1

4. Upon information and belief, Technicolor SA ("Technicolor") is a limited liability company organized under the laws of France with its principal place of business at 1 rue Jeanne d'Arc, 92443 Issy-les-Moulineaux Cedex, Paris, France.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

7. On information and belief, Technicolor USA and Technicolor are subject to the jurisdiction of this Court by reason of their acts of patent infringement which have been committed in this Judicial District, and by virtue of their regularly conducted and systematic business contacts in this State. As such, Technicolor USA and Technicolor have purposefully availed themselves of the privilege of conducting business within this Judicial District; have established sufficient minimum contacts with this Judicial District such that they should reasonably and fairly anticipate being haled into court in this Judicial District; have purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

## THE PATENT-IN-SUIT

8. On October 24, 2006, U.S. Patent No. 7,127,048 (the "'048 Patent"), entitled "Systems and Methods for Integrating Analog Voice Service and Derived POTS Voice Service in a Digital Subscriber Line Environment," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '048 Patent is attached as Exhibit A to this Complaint. VIT is the assignee and owner of the right, title and interest in and to the '048 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,127,048

9. The allegations set forth in the foregoing paragraphs 1 through 8 are hereby realleged and incorporated herein by reference.

10. In violation of 35 U.S.C. § 271, Technicolor USA and Technicolor have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '048 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States, products that practice the subject matter claimed in one or more claims of the '048 Patent (the "'048 Accused Products"), including but not limited to claim 29, without the authority of VIT. The '048 Accused Products include, without limitation, integrated access device ("IAD") products that allow users to place and receive both POTS and VoIP calls over the same telephone line such as the TG782 Wireless VoIP Gateway, the TG670 Ultra Broadband Business Gateway, and the TG672 Ultra Broadband Business Gateway with DECT.

11. VIT provided actual notice to Technicolor USA and Technicolor of their infringement of the '048 Patent in letters sent by certified mail on December 11, 2012.

12. Technicolor USA and Technicolor have had actual knowledge of the '048 Patent and their infringement of that patent since at least the date that Technicolor USA and Technicolor received the December 11, 2012 letters.

13. Upon information and belief, Technicolor USA and Technicolor have induced and continue to induce others to infringe at least claim 29 of the '048 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Technicolor USA and Technicolor's customers of '048 Accused Products whose making and using in the United States the '048 Accused Products constitutes direct infringement of at least claim 29 of the '048 Patent.

14.     In particular, Technicolor USA and Technicolor's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '048 Accused Products.  On information and belief, Technicolor USA and Technicolor have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Technicolor USA and Technicolor have had actual knowledge of the '048 Patent and that their acts were inducing others to infringe the '048 Patent since at least the date they received the notice letters from VIT notifying Technicolor USA and Technicolor that the '048 Accused Products infringed the '048 Patent.

15.     Upon information and belief, since at least the time they received VIT's December 11, 2012 notice letter, Technicolor USA and Technicolor have committed and continue to commit acts of contributory infringement of the '048 Patent under 35 U.S.C. § 271(c) by providing products, including the '048 Accused Products to others, including but not limited to their customers and partners, knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '048 Patent, and have no substantial non-infringing uses.

16.     In particular, the Accused Products including the IAD products constitute especially adapted components to allow users to place and receive both POTS and VoIP calls over the same telephone line.  These IAD products are used by Technicolor USA and Technicolor's partners and customers to perform all of the steps recited in at least claim 29 of the '048 Patent.  These IAD products have no substantial non-infringing uses and contain components whose only purpose is to practice the '048 Patent.  The use of these IAD products by Technicolor USA and Technicolor's partners and customers constitutes direct infringement of at

least claim 29 of the '048 Patent. Technicolor USA and Technicolor have known or remained willfully blind to these facts since at least the date they received the notice letters from VIT notifying Technicolor USA and Technicolor that such activities infringed the '048 Patent.

17. VIT has been harmed by Technicolor USA and Technicolor's infringing activities.

18. VIT provided notice of infringement of the '048 Patent to Technicolor USA and Technicolor, but Technicolor USA and Technicolor thereafter continued to infringe the patent. On information and belief, Technicolor USA and Technicolor's infringement has been and continues to be willful.

## JURY DEMAND

VIT demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** VIT prays for judgment as follows:

a. An adjudication that Technicolor USA and Technicolor have infringed the '048 Patent;

b. An award of damages to be paid by Technicolor USA and Technicolor adequate to compensate VIT for Technicolor USA and Technicolor's past infringement of the '048 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Technicolor USA and Technicolor pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding VIT attorney fees under 35 U.S.C. § 285; and

  f.  For such further relief at law and in equity as the Court may deem just and proper.

Dated:  December 28, 2012    STAMOULIS & WEINBLATT LLC

               */s/ Richard C. Weinblatt*
               Stamatios Stamoulis #4606
                  stamoulis@swdelaw.com
               Richard C. Weinblatt #5080
                  weinblatt@swdelaw.com
               Two Fox Point Centre
               6 Denny Road, Suite 307
               Wilmington, DE 19809
               Telephone: (302) 999-1540

               *Attorneys for Plaintiff*
               *Voice Integration Technologies, LLC*